IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 16-00557-jw |
| CHRISTY TOOLE LORD | ) CHAPTER 13 |
| DEBTOR | ) |
| | ) NOTICE OF MOTION FOR RELIEF |
| | ) FROM AUTOMATIC STAY |
| | ) (11 U.S.C. § 362) |

TO: DEBTOR(S), TRUSTEE (if applicable) AND THOSE NAMED IN THE ATTACHED MOTION:

PLEASE TAKE NOTICE THAT a hearing will be held on the attached Motion on:

**Date:** **May 1, 2017**
**Time:** **1:30 PM**
**Place:** **1100 Laurel Street, Columbia, SC 29201**

Within 14 days after service of the attached Motion, the Notice of Motion, the Movant's Certification of Facts (and a blank Certification of Facts for applicable to service on pro se parties only), any party objecting to the relief sought shall:

1) File with the Clerk a written objection to the 11 U.S.C. § 362 Motion;
2) File with the Clerk a Certification of Facts;
3) Serve on the Movant items 1 & 2 above at the address shown below; and
4) File a certificate of such with the Clerk.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

| | |
|---|---|
| DATE OF SERVICE: | March 31, 2017 |
| MOVANT: | U.S. Bank Trust, N.A., as Trustee for LSF6 Bermuda MRA Trust |
| ATTORNEY: | /s/ *Travis E. Menk* |
| | Travis E. Menk, # 10686 |
| | Brock and Scott, PLLC |
| ATTORNEY'S ADDRESS: | 5121 Parkway Plaza Blvd, Ste 300 |
| | Charlotte, NC 28217 |
| | Phone: (704)369-0676 |
| | scbkr@brockandscott.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 16-00557-jw |
| CHRISTY TOOLE LORD | ) CHAPTER 13 |
| DEBTOR | ) |
| | ) MOTION FOR RELIEF |
| | ) FROM AUTOMATIC STAY |
| | ) (11 U.S.C. § 362) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW U.S. Bank Trust, N.A., as Trustee for LSF6 Bermuda MRA Trust (hereinafter "Movant"), a secured creditor in the above-captioned case, by and through counsel, Brock & Scott, PLLC, and moves this Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362(a) on the following grounds:

1. That U.S. Bank Trust, N.A., as Trustee for LSF6 Bermuda MRA Trust is a secured creditor of the Debtor(s) and thus a party in interest.

2. That the above-captioned Debtor(s) filed a petition seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code in this District on or about February 7, 2016.

3. The Debtor holds title to the real property (hereinafter "Collateral") described in that Mortgage recorded in the Aiken County Register of Deeds in Book RB4037 at Page 1043-1045 and recorded on December 28, 2005 (hereinafter "Mortgage") with an address of 200 Terrace Road, North Augusta, SC 29841. A copy of the Mortgage and Note are attached hereto and incorporated herein as Exhibit "A".

4. Movant holds a Promissory Note secured by the Mortgage from the Debtor in the original principal amount of $65,000.00 and dated December 12, 2005 (hereinafter "Note").

5. The Debtor has scheduled the value of the Collateral at $100,000.00.

6. Upon information and belief, the approximate payoff due and owing to Movant as of February 3, 2017 is $73,325.56.

7. The loan is presently in default and is due for the December 1, 2016 post-petition payment.

8. As a result, Movant lacks adequate protection of its interest in the Collateral. By virtue of such lack of protection, good cause exists to lift the automatic stay imposed hereunder. Otherwise, Movant will suffer irreparable harm with respect to Movant's interest in the Collateral.

9. Movant agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b) as a result of this Order. Movant further agrees that any funds realized from the foreclosure sale, in excess of all liens, costs, and expenses, will be paid to the Trustee.

WHEREFORE, Movant respectfully requests the entry of an Order:

1. That modifies the automatic stay provisions of 11 U.S.C. § 362 and that allows U.S. Bank Trust, N.A., as Trustee for LSF6 Bermuda MRA Trust to immediately proceed to foreclose its security interest in the property described in Exhibit "A" annexed to this Motion and otherwise pursue any remedies available under state law to recover and liquidate its collateral;

2. That waives the effect of Bankruptcy Rule 4001 (a)(3); and

3. Provides for such other and further relief as the Court deems just and proper.

This, the 31st day of March 2017.

/s/ *Travis E. Menk*
Travis E. Menk, # 10686
Brock and Scott, PLLC
5121 Parkway Plaza Blvd, Ste 300
Charlotte, NC 28217
Phone: (704)369-0676
scbkr@brockandscott.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE:<br>CHRISTY TOOLE LORD<br>          DEBTOR | CASE NO. 16-00557-jw<br>CHAPTER 13<br><br>CERTIFICATION OF FACTS |

In the above-entitled case, in which U.S. Bank Trust, N.A., as Trustee for LSF6 Bermuda MRA Trust from automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1. <u>Nature of Movant's Interest</u>: Movant holds the first mortgage on property located at 200 Terrace Road, North Augusta, SC 29841.

2. Brief Description of Security Agreement(copy attached): Mortgage

3. <u>Description of Property Encumbered by Stay (Include serial number, lot and block number, etc.</u>:

All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being West of Clearwater, in the County of Aiken and State of South Carolina, and known and designated as Lot No. 6, in Block G of Woodridge Subdivision as shown on a composite plat of said subdivision made by Jones and Murph, Registered Surveyors, dated March 20, 1961, and recorded in Plat Book No. 1, at page 188, of the records of Aiken County, and measuring and bounded as follows: Northerly by Lot No. 4 for 120 feet; Northeasterly by Lot No. 5 for 140 feet; Southeasterly by Terrace Road, for 120 feet; Southwesterly by Lot No. 7 for 160 feet, and Westerly by Lot No. 8, for 119.5 feet. All as will more fully appear by reference to said plat.

DERIVATION: This being the same property conveyed unto Christy Toole Lord herein by deed of Edna Lane Ruby Toole, dated 09/11/01 and recorded 09/12/01 in the RMC Office for Aiken County in Deed Book 2130 at Page 187.

TMS: 023-18-17-006

4. <u>Basis for Relief</u>: Lack of adequate protection. §362(d)(1) and (2).

5. <u>Prior Adjudication by Other Courts, copy attached (Decree of foreclosure, Order for possession, Levy of execution, etc., if applicable</u>: N/A

6. <u>Valuation of Property, copy of Valuation attached</u>:
    Fair Market Value        $100,000.00
    Liens (Mortgages)        $73,325.56
    Net Equity               $26,674.44
    Source/Basis of Value    Schedule A

7. <u>Amount of Debtor estimated equity (using figures from paragraph 6)</u>: $26,674.44

8. <u>Month and Year in which first direct post-petition payment came due to Movant (if applicable)</u>: March, 2016

9. (a) <u>For Movant / Lienholder ( if applicable): list or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount and month and year of which each such payment was applied.</u>[1]

   (b) <u>For Objecting party (if applicable): list or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>

10. <u>Month and year for which post-petition account of Debtor(s) is due as of the date of this Motion</u>: December, 2016

See attached payment history.

Dated: March 31, 2017

/s/ *Travis E. Menk*
Travis E. Menk, # 10686
Brock and Scott, PLLC
5121 Parkway Plaza Blvd, Ste 300
Charlotte, NC 28217
Phone: (704)369-0676
scbkr@brockandscott.com

---

[1] This requirement may not be met by the attachment of a payment history generated by the Movant. Such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

IN RE:  )
CHRISTY TOOLE LORD  )  CASE NO. 16-00557-jw
        DEBTOR  )  CHAPTER 13
  )
  )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE OF MOTION, CERTIFICATION OF FACTS AND CERTIFICATE OF SERVICE in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

Christy Toole Lord
233 Terrace Road0
North Augusta, SC 29841

Joseph E. Mitchell, III
PO Box 2504
Augusta, GA 30903

Willliam K. Stephenson, Jr.
PO Box 8477
Columbia, SC 29202

This, the 31st day of March 2017.

Brock and Scott, PLLC

/s/ *Julia Vericain*
Julia Vericain
Paralegal
5121 Parkway Plaza Blvd, Ste 300
Charlotte, NC 28217
Phone: (704) 369-0676
scbkr@brockandscott.com

EXHIBIT "A"   **REAL ESTATE MORTGAGE**   BUELL J. REEVES, LLC
1009-C KINLEY ROAD
IRMO, SC 29063



| Name and Address of Mortgagor(s): | Lender: |
|---|---|
| UNMARRIED<br>CHRISTY TOOLE LORD<br>200 TERRACE ROAD<br>NORTH AUGUSTA, SC 29841 | THE CIT GROUP/CONSUMER FINANCE, INC.<br>5000 FALLS OF NEUSE ROAD<br>SUITE 405-5000 N. PRK. BLD.<br>RALEIGH, NC 27609 |

Mortgagee: MERS
P.O. BOX 2026
FLINT, MI 48501-2026

MIN: 100263195009173327

| Loan Number | Date | Date Final Payment Due | Principal Balance |
|---|---|---|---|
| 9500917332 | 12/12/05 | 01/01/36 | $65,000.00 |

This loan is secured by a Mortgage on the real property located at:
**200 TERRACE ROAD, NORTH AUGUSTA, SC 29841**

The words "I," "me" and "my" refer to all Mortgagors indebted on the Note secured by this Mortgage. The words "you" and "your" refer to Lender and Lender's assignee if this Mortgage is assigned. MERS refers to Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Mortgage.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**MORTGAGE OF REAL ESTATE**
To secure payment of (a) a Note I signed today promising to pay you the Principal Balance as shown above together with interest at the rate set forth in the Note secured by this Mortgage, which Note has a maturity date of **01/01/36** and all modifications, renewal and extensions thereof, (b) all amounts advanced by you under this Mortgage to protect the security of this Mortgage, and (c) all future advances made under this Mortgage up to one hundred fifty percent (150%) of the original principal balance of the Note plus interest thereon, court costs and attorney's fees, each of the persons signing this Mortgage mortgages, grants, conveys and confirms MERS and its successors and assigns, (solely as nominee for Lender and Lender's successors and assigns) the real estate described below, and all present and future improvements on the real estate and all easements, rights, appurtenances and rents, which is located in South Carolina, County of **AIKEN** , (the "Premises").

**SEE ATTACHED LEGAL DESCRIPTION (EXHIBIT 'A')**

Together with all improvements now or hereafter erected on the Premises, all easements, rights, members, hereditaments and appurtenances belonging or in any way incident or appertaining to the Premises, and all fixtures now or hereafter part of the Premises, to have and to hold said Premises unto MERS and its successors and assigns, (solely as nominee for Lender and Lender's successors and assigns) forever. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Premises; and to take any action required of Lender including, but not limited to, releasing and canceling this Mortgage.

**TERMS AND CONDITIONS:**
**PAYMENT OF OBLIGATIONS** - If I pay my Note according to its terms, this Mortgage will become null and void.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

Signed this 12th day of December, 2005
Signed, sealed, and delivered in the presence of:

X _Carolyn Amick Haney_   X _Christy Toole Lord_ (Seal)
Witness                    CHRISTY TOOLE LORD
                                                    (Seal)
_____
Witness                                             (Seal)

**ACKNOWLEDGEMENT**

STATE OF SOUTH CAROLINA
COUNTY OF _Aiken_                 PROBATE

Before me, a Notary Public in and for said County and State, personally appeared _CAROLYN AMICK-HANEY_ who, being duly sworn made oath that (s)he saw the within-named mortgagor(s) sign, seal and as his/her/their act and deed deliver the within-described mortgage, and that (s)he together with witnessed the execution thereof.

_Carolyn Amick-Haney_
Signature of Witness

SWORN TO before me this 12th day of December, 2005

_____
Notary Public for South Carolina   (Seal)
My Commission Expires: 11/5/2014

12/09/05  15:30  1884249
2-2214A (4/04) South Carolina First Mortgage

2005621961
MORTGAGE
RECORDING FEES          $10.00
PRESENTED & RECORDED:
12-28-2005  09:15 AM
JUDITH WARNER
REGISTER OF DEEDS CONVEYANCE
AIKEN COUNTY, SC
By: JOYCE H ERGLE DEPUTY RMC
BK:RB 4037
PG:1043-1045

**TAXES - LIENS - INSURANCE - MAINTENANCE** - I will pay, when they are due and payable, all taxes, security agreements (including mortgages), liens, assessments, obligations, water rates and any other charges against the Premises, whether superior or inferior to the lien of this Mortgage, maintain hazard insurance on the Premises in your favor in a form and amount satisfactory to you and maintain and keep the Premises in good repair at all times during the term of this Mortgage. You may pay any such tax, lien, assessment, obligation, water rates, premium or other charge (including any charge to maintain or repair the Premises) or purchase such insurance in your own name, if I fail to do so. The amount you pay will be due and payable to you on demand, will bear interest at the interest rate set forth in the Note secured by this Mortgage if permitted by law or, if not, at the highest lawful interest rate, will be an additional lien on the Premises and may be enforced and collected in the same manner as the other obligations secured by this Mortgage. The insurance carrier providing the insurance referred to above will be chosen by me subject to your approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to you and must include a standard mortgage clause. You will have the right to hold the policies and renewals. If you require, I will promptly give to you all receipts of paid premiums and renewal notices. In the event of a loss, I will give prompt notice to the insurance carrier and you. You may file a proof of loss if not made promptly by me. Insurance proceeds will be applied to the restoration or repair of the Premises damaged or, at your option, the insurance proceeds will be applied to the sums, secured by this Mortgage, whether or not then due, with any excess paid to me. If I abandon the Premises, or do not answer within ten (10) days, a notice from you that the insurance carrier has offered to settle a claim, then you may collect the insurance proceeds. The ten (10)-day period will begin when the notice is given.

**TITLE** - The Premises were conveyed to me by a deed which is to be, or has been, recorded before this Mortgage, and I warrant the title to the Premises and will defend title to the Premises against all claims and demands, except as to those matters described below. I further warrant that the lien created by this Mortgage is a valid and enforceable first lien, subordinate only to easements and restrictions of record on the date of this Mortgage, and that during the entire term of the indebtedness secured by this Mortgage, such lien will not become subordinate to anything else.

**CONDEMNATION** - The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation (the taking of my property for a public use) or other taking of any part of the Premises, or for conveyance in lieu of condemnation, are hereby assigned and will be paid to you and are subject to the lien of and secured by this Mortgage. In the event of a taking of the Premises, the proceeds will be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to me. If the Premises are abandoned by me, or if, after notice by you to me that the condemnor offers to make an award or settle a claim for damages, I fail to respond to you within ten (10) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to the restoration or repair of the Premises, or to the sums secured by this Mortgage, whether or not then due.

**DUE ON SALE OR ALTERATION** - Except in those circumstances in which Federal law otherwise provides, I will not, without your consent, sell or transfer the Premises or alter, remove or demolish the buildings on the Premises, allow the Premises to deteriorate or commit waste.

**DEFAULT** - If I default in paying any part of the indebtedness secured by this Mortgage or if I default in any other way under this Mortgage or under the Note which it secures or on any other mortgage which covers the Premises, the entire unpaid principal balance and accrued and unpaid interest and any other amounts I then owe to you under this loan will become immediately due if you desire, without your advising me. If I am required to pay immediately in full as described above, I promise to pay your reasonable attorney's fees not in excess of fifteen percent of the unpaid debt after default if the loan is referred to an attorney, not your employee, for collection and all other reasonable costs and expenses you actually incur in collecting the loan or foreclosing on this Mortgage, to the extent permitted by law. If any money is left over after you foreclose on this Mortgage and deduct such attorney's fees and all other costs and expenses incurred, it will be paid to the persons legally entitled to it, but if any money is still owing, I agree to pay you the balance.

**APPOINTMENT OF RECEIVER AND ASSIGNMENT OF RENTS** - I agree that you are entitled to the appointment of a receiver in any action to foreclose on this Mortgage and you may also enter the Premises and take possession of them, rent them if the Premises are not already rented, receive all rents and apply them to the obligations secured by this Mortgage. I assign all rents to you but you agree that I may continue to collect the rents unless I am in default under this Mortgage or the Note.

**RIGHTS CUMULATIVE** - Your rights under this Mortgage will be separate, distinct and cumulative and none of them will be in exclusion of any other nor will any act of yours be considered as an election to proceed under any one provision of this Mortgage to the exclusion of any other provision.

**NOTICES** - I agree that any notice and demand may be given to me either in person or by mail.

**RELEASE** - Upon payment of all sums secured by this Mortgage, you shall release the Premises from the lien of this instrument. I shall pay recording costs to the extent permitted by applicable law.

**EXTENSIONS AND MODIFICATIONS** - Each of the persons signing this Mortgage agrees that no modification, renewal or extension of time or other variation of any obligation secured by this Mortgage will affect any other obligation under this Mortgage.

**APPLICABLE LAW** - This Mortgage is made in accordance with and will be governed by, the laws of the State of South Carolina and applicable Federal law.

**RECEIPT OF COPY** - Each person signing this Mortgage acknowledges receipt of a completed and signed copy of this Mortgage.

**BINDING EFFECT** - This Mortgage is binding on and inures to your, my and MERS' successors and assigns.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

Upon recording mail to:
Nationwide Title Clearing, Inc.
2100 Alt 19 North, Palm Harbor, FL 34683    ATTN: Dusti Woodbury - CIT Unit

2-2214B  12/09/05  15:50   188421POOLE LORD CHRISTY

Exhibit "A"

All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being West of Clearwater, in the County of Aiken and State of South Carolina, and known and designated as Lot No. 6, in Block G of Woodridge Subdivision as shown on a composite plat of said subdivision made by Jones and Murph, Registered Surveyors, dated March 20, 1961, and recorded in Plat Book No. 1, at page 188, of the records of Aiken County, and measuring and bounded as follows: Northerly by Lot No. 4 for 120 feet; Northeasterly by Lot No. 5 for 140 feet; Southeasterly by Terrace Road, for 120 feet; Southwesterly by Lot No. 7 for 160 feet, and Westerly by Lot No. 8, for 119.5 feet. All as will more fully appear by reference to said plat.

DERIVATION: This being the same property conveyed unto Christy Toole Lord herein by deed of Edna Lane Ruby Toole, dated 09/11/01 and recorded 09/12/01 in the RMC Office for Aiken County in Deed Book 2130 at Page 187.

TMS: 023-18-17-006

(2005115912.PFD/2005115912/14)

RECORDING REQUESTED
AND PREPARED BY:
T.D. Service Company
1820 E. First St., Suite 300
Santa Ana, CA 92705
(714) 543-8372
JULIAN E. YANEZ

And When Recorded Mail To:
T.D. Service Company
1820 E. First St., Suite 300
Santa Ana, CA 92705



2012000172
ASSIGNMENT
RECORDING FEES    $6.00
PRESENTED & RECORDED
01-04-2012 12:41 PM
JUDITH WARNER
REGISTER OF MESNE CONVEYANCE
AIKEN COUNTY, SC
BY: JULIE STUTTS DEPUTY RMC
BK: RB 4387
PG: 459 - 459

_____ Space above for Recorder's use _____
MERS MIN#: [redacted]    PHONE#: (888) 679-6377
Customer#: 673    Service#: [redacted]
Loan#: [redacted]

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, MORTGAGE ELECTRONIC SYSTEMS, INC., AS NOMINEE FOR THE CIT GROUP/CONSUMER FINANCE, INC., ITS SUCCESSOR AND ASSIGNS, P.O. BOX 2026, FLINT, MI 48501 OR 1901 E. VOORHEES ST SUITE C DANVILLE IL 61834-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR BERMUDA INVESTMENTS 2011-1 TRUST, 715 SOUTH METROPOLITAN AVE. OKLAHOMA CITY OK 73108-0000. The described Mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for $65,000.00 is recorded in the State of SOUTH CAROLINA, County of AIKEN Official Records, dated DECEMBER 12, 2005 recorded on DECEMBER 28, 2005, as Instrument No. 2005621961, in Book No. RB 4037, at Page No. 1043-1045. Original Mortgagor: CHRISTY TOOLE LORD, UNMARRIED. Original Mortgagee: MORTGAGE ELECTRONIC SYSTEMS, INC., AS NOMINEE FOR THE CIT GROUP/CONSUMER FINANCE, INC..
Date: 11/29/11

MORTGAGE ELECTRONIC SYSTEMS, INC., AS NOMINEE FOR THE CIT GROUP/CONSUMER FINANCE, INC., ITS SUCCESSOR AND ASSIGNS

By: _____
(Name, Title) Johnny Melxal AVP
WITNESS:
_____
(Name) Tashia Combs
_____
(Name) LaShada R Adair

State of OK
County of Oklahoma    } ss.

On 11/29/11 before me, Jennifer Anderson a Notary Public, personally appeared Johnny M Skeel AVP, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

_____
(Notary Name): Jennifer Anderson
My commission expires: 11/1/14

JENNIFER ANDERSON
Notary Public
State of Oklahoma
Commission # 10009110, Expires 11/01/14

```
                                              2015025867
                                              ASSIGNMENT
                                              RECORDING FEES        $7.00
                                              PRESENTED & RECORDED:
                                              10-28-2015 12:35:43 PM
                                              JUDITH WARNER
                                              REGISTER OF MESNE CONVEYANCE
                                              AIKEN COUNTY, SC
                                              BY: LYNN STEMBRIDGE DEPUTY
                                              BK: RB 4577
                                              PG: 519 - 520
```

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:
CALIBER HOME LOANS
13801 Wireless Way
Oklahoma City, OK 73134

Prepared By: **Liptu Paul**          Control Number: [redacted]
MERS Min: [redacted]
Parcel ID: 023-18-17-006

Space Above This Line For Recorder's Use

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA INVESTMENTS 2011-1 TRUST** whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134, hereby grants, assigns and transfers to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA MRA TRUST** whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134 all beneficial interest under that certain mortgage/Deed of Trust/Security Deed dated 12/12/2005 executed by CHRISTY TOOLE LORD to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR THE CIT GROUP/CONSUMER FINANCE, INC., ITS SUCCESSOR AND ASSIGNS in the amount of $65,000.00 and recorded on 12/28/2005 as Instrument # 2005621961, in Book/Volume or Liber No. RB 4037, Page/folio 1043 of Official Records in the County Recorder's office of AIKEN County, SC, describing land herein as: 'SEE ATTACHED 'EXHIBIT A'

Property Address: 200 TERRACE ROAD, NORTH AUGUSTA SC 29841

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage/Deed of Trust/Security Deed.

Witness #1   Brian Saby
Witness #2   Sasha Candelaria

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA INVESTMENTS 2011-1 TRUST, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT

Date: 10-15-15
By: Haiduy Giang
Title: Authorized Signatory

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

County of San Diego )
State of California )

On **OCT 15 2015** before me, Lydia Sarahi Rodriguez, Notary Public, personally appeared, **Haiduy Giang**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand official seal,

Notary Name: Lydia Sarahi Rodriguez        My Commission Expires: June 8, 2017

LYDIA SARAHI RODRIGUEZ
Commission # 2027969
Notary Public - California
San Diego County
My Comm. Expires Jun 8, 2017

Scott & Corley, P.A.
Post Office Box 2065
Columbia, SC 29202

## LEGAL DESCRIPTION

### EXHIBIT "A"

All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being West of Clearwater, in the County of Aiken and State of South Carolina, and known and designated as Lot No. 6, in Block G of Woodridge Subdivision as shown on a composite plat of said subdivision made by Jones and Murph, Registered Surveyors, dated March 20, 1961, and recorded in Plat Book No. 1, at page 188, of the records of Aiken County; and measuring and bounded as follows: Northerly by Lot No. 4 for 120 feet; Northeasterly by Lot No. 5 for 140 feet; Southeasterly by Terrace Road, for 120 feet; Southwesterly by Lot No. 7 for 160 feet; and Westerly by Lot No. 8, for 119.5 feet. All as will more fully appear by reference to said plat.

DERIVATION: This being the same property conveyed unto Christy Toole Lord herein by deed of Edna Lane Ruby Toole, dated 09/11/01 and recorded 09/12/01 in the RMC Office for Aiken County in Deed Book 2130 at Page 187.

TMS: 023-18-17-008

Scott & Corley, P.A.
Post Office Box 200
Columbia, SC 292

EXHIBIT "A"

# PROMISSORY NOTE

| NAMES OF ALL BORROWERS: CHRISTY TOOLE LORD | LENDER: THE CIT GROUP/CONSUMER FINANCE, INC. |
|---|---|
| Mailing Address: 200 TERRACE ROAD, NORTH AUGUSTA, SC 29841 | 5000 FALLS OF NEUSE ROAD SUITE 405-5000 N. PRK. BLD. RALEIGH, NC 27609 |

| LOAN NUMBER | DATE | YEARLY INTEREST RATE | Date Finance Charge Begins To Accrue | NUMBER OF PAYMENTS | DATE FIRST PAYMENT DUE |
|---|---|---|---|---|---|
|  | 12/12/05 | 7.900 % | 01/01/06 | 360 | 02/01/06 |

| AMOUNT OF FIRST PAYMENT | AMOUNT OF OTHER PAYMENTS | DATE FINAL PAYMENT DUE | PRINCIPAL BALANCE |
|---|---|---|---|
| $ 472.42 | $ 472.42 | 01/01/36 | $ 65,000.00 |

This loan is secured by a Mortgage on the real property located at:
200 TERRACE ROAD, NORTH AUGUSTA, SC 29841

The words "I," "me," "my" and "us" refer to all Borrowers signing this Note. The words "you" and "your" refer to Lender or Lender's transferee.

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay the Principal Balance shown above to the order of the Lender. I understand that the Lender may transfer this Note.

**2. INTEREST**

I will pay interest at the Yearly Interest Rate shown above. Interest will be charged on the unpaid principal beginning on the date shown above in the "Date Finance Charge Begins to Accrue" box and will continue until the Principal Balance has been paid in full paid. For purposes of computing interest, interest will be charged on the assumption that each monthly payment is received on the date it is due.

**3. PAYMENTS**

I will pay the principal and interest by making payments each month. Each of my monthly payments will be in the amount shown above in the "Amount of Other Payments" box except my first payment will be in the amount shown above in the "Amount of First Payment" box. I will make monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid the Principal Balance of this Note and any other charges, described below, that I may owe under this Note. If on the "Date Final Payment Due" shown above I still owe amounts under this Note, I will pay all those amounts, in full, on that date, which is called the "maturity date." I will make my monthly payments at the address shown above under your name or at a different place if required by you.

**4. MY FAILURE TO PAY AS REQUIRED**

(A) Late Charge

If a payment is more than 15 days late, I will pay a late charge equal to 5% of the unpaid amount of the payment or $50, whichever is less.

(B) Check Collection Charge

If I make a payment by check, negotiable order of withdrawal, share draft or other negotiable instrument and that instrument is returned or dishonored for any reason, I will pay you a check collection charge. The amount of the charge will be any amount passed on to you by any financial institution in connection with such instrument not to exceed $20.

(C) Default

I will be in default if:

(1) I do not pay the full amount of any monthly payment on time;
(2) I default under the Mortgage as defined in section 9 which secures this Note or under any other mortgage which I enter into with you;
(3) I do not pay any of my debts generally as they become due;
(4) I make an assignment for the benefit of creditors;
(5) I violate or fail to abide by any term or condition of this Note or any other agreement I have with you;
(6) I die or become incompetent;
(7) I have made any statement or representation to you in connection with this loan which is false or incorrect;
(8) I begin (or if someone else begins against me) a case in bankruptcy, receivership, reorganization, rehabilitation, insolvency or any other matter whether or not similar to them; or if a receiver, sequestrator, liquidator, trustee, guardian, conservator or other judicial representative is appointed for me or any of my property; or
(9) My property becomes subject to a proceeding in eminent domain or other similar governmental action.

If I am in default, you may require me to pay immediately the full unpaid principal balance plus accrued and unpaid interest, and any other charges I owe under this Note.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a completed and signed copy of this Note.

X _Christy Toole Lord_ (Borrower)
CHRISTY TOOLE LORD

_____ (Borrower)

_____ (Borrower)

130803   11:30   1884746

2-4210A (9/05) South Carolina First Mortgage Note

(D) Payment of Note Holder's Costs and Expenses

If I default and you require me to pay immediately in full as described above, I promise to pay your reasonable attorney's fees not in excess of fifteen percent of the unpaid debt after default if this loan is referred to an attorney, not your employee, for collection, and legally permitted court costs.

## 5. MY RIGHT TO MAKE PREPAYMENTS

I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

If I make a partial prepayment, there will be no changes in the amounts of my monthly payments unless you agree in writing to those changes. I may make a full or partial prepayment at any time without penalty. You earn any prepaid finance charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule.

## 6. MY WAIVERS

I waive my rights to require you to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certificate of nonpayment (known as a "protest"). Anyone else (i) who agrees to keep the promises made in this Note, or (ii) who agrees to make payments to you if I fail to keep my promises under this Note, or (iii) who signs this Note to transfer it to someone else (known as "guarantors, sureties and endorsers"), also waives these rights. I also waive any rights I may have under any valuation or appraisement laws.

## 7. CHANGES/DELAY IN ENFORCEMENT

No change or cancellation of this Note shall be effective unless the change or cancellation is in writing and has been signed by you and me. You can delay enforcing, or fail to enforce, any or all of your remedies under this Note without losing those or other remedies or rights.

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the Mailing Address above. A notice will be delivered to me at a different address if I give you a notice of my different address.

Any notice that must be given to you under this Note will be given by mailing it to you at the address stated above. A notice will be mailed to you at a different address if I am given a notice of that different address.

## 9. THIS NOTE COVERED BY A MORTGAGE

A Mortgage of the same date as this Note protects you from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 10. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed plus the charges as described in Section 4(D) above and to keep all of the promises made in this Note. Any guarantor, surety or endorser of the Note (as described in Section 6 above) is also obligated to do these things. You may enforce your rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety or endorser of this Note (as described in Section 6 above) is also obligated to keep all of the promises made in this Note.

## 11. APPLICATION OF PAYMENTS

Payments will be applied to accrued interest before the unpaid principal balance.

## 12. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 13. APPLICABLE LAW

This Note shall be governed by the laws of the State of South Carolina and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or South Carolina State statute, law or regulation in effect as of the date of this Note, the statute, law or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

CHRISTY TOOLE LORD
7/09/03    13:10    1884349
2-23108

Loan number:

Borrower: CHRISTY TOOLE LORD

Note Date: 12/12/2005

## ALLONGE TO NOTE

PAY TO THE ORDER OF

Deutsche Bank National Trust Company,
as Trustee for LSF8 Mercury REO
Investments Trust Series 2008-1

WITHOUT RECOURSE

Vericrest Financial, Inc., successor in interest to
The CIT Group/Consumer Finance, Inc.

_____
Authorized Signature

Chris Santaniello
Vice President

## ALLONGE TO NOTE

| | |
|---|---|
| Account Number: | ████████ |
| Allonge to Note dated: | 12/12/2005 |
| And Executed by: | CHRISTY TOOLE LORD |
| Property Address: | 200 TERRACE RD<br>NORTH AUGUSTA, SC 29841 |
| Loan Amount: | $65000.00 |
| Pay to the order of: | VERICREST OPPORTUNITY LOAN TRUST 2009-PL1 |
| Without recourse: | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY VERICREST FINANCIAL, INC., AS ATTORNEY IN FACT |

*[signature]*

By: KRISTI COLEMAN
Title: AUTHORIZED SIGNATORY

## ALLONGE TO NOTE

Account Number: ███

Allonge to Note dated: 12/12/2005

And Executed by: CHRISTY TOOLE LORD

Property Address: 200 TERRACE RD
NORTH AUGUSTA, SC 29841

Loan Amount: $65000.00

Pay to the order of: US BANK TRUST, NA, AS TRUSTEE FOR LSF6 MRA REO TRUST

Without recourse: LSF6 INVESTMENTS 2011-1 TRUST SUCCESSOR IN INTEREST TO VERICREST OPPORTUNITY LOAN TRUST 2009-PL1, BY ITS TRUSTEE US BANK TRUST, NA, THROUGH VERICREST FINANCIAL, INC., AS ATTORNEY IN FACT FOR THE TRUSTEE

By: KRISTI COLEMAN
Title: AUTHORIZED SIGNATORY

## ALLONGE TO NOTE

Account Number: ▮

Allonge to Note dated: 12/12/2005

And Executed by: CHRISTY TOOLE LORD

Property Address: 200 TERRACE RD
NORTH AUGUSTA, SC 29841

Loan Amount: $65000.00

Pay to the order of:

Without recourse: US BANK TRUST, NA, AS TRUSTEE FOR LSF6 MRA REO TRUST, BY VERICREST FINANCIAL, INC., AS ATTORNEY IN FACT

By: KRISTI COLEMAN
Title: AUTHORIZED SIGNATORY

| Loan | | | | | | |
|---|---|---|---|---|---|---|
| BK Case | 16-00557 | | | * If prior than 12/2011 payment changes were not required to be filed with the courts or with Proof of claim | | |
| Filing Date | 2/7/2016 | | | | | |
| First Post pet date | 3/1/2016 | | | | | |
| Pmt Change Filed | Filed | Effective | Amount | | | |
| POC pmt Filed | 6/8/2016 | 3/1/2016 | $ 272.41 | | | |
| Date Rcvd | Amount | | | Amount Due | Due Date | Suspense |
| 6/22/2016 | $ 544.82 | | | $ 272.41 | 3/1/2016 | $ 272.41 |
| 7/13/2016 | $ 817.23 | | | $ 272.41 | 4/1/2016 | $ 817.23 |
| 8/16/2016 | $ 400.00 | | | $ 272.41 | 5/1/2016 | $ 944.82 |
| 9/26/2016 | $ 300.00 | | | $ 272.41 | 6/1/2016 | $ 972.41 |
| 12/5/2016 | $ 600.00 | | | $ 272.41 | 7/1/2016 | $ 1,300.00 |
| | | | | $ 272.41 | 8/1/2016 | $ 1,027.59 |
| | | | | $ 272.41 | 9/1/2016 | $ 755.18 |
| | | | | $ 272.41 | 10/1/2016 | $ 482.77 |
| | | | | $ 272.41 | 11/1/2016 | $ 210.36 |
| | | | DUE | $ 272.41 | 12/1/2016 | $ (62.05) |
| | | | | $ 272.41 | 1/1/2017 | $ (334.46) |
| | | | | $ 272.41 | 2/1/2017 | $ (606.87) |